UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JEFFREY S. JACKSON**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **TRINITY HEALTH CORPORATION, and HEALTH GORILLA INC.,** <br><br> Defendants. | Case No. 2:26-cv-10948-SDK-KGA <br><br> District Judge Shalina D. Kumar <br> Magistrate Judge Kimberly G. Altman |
| **JUSTINA PABON**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **TRINITY HEALTH CORPORATION, AND HEALTH GORILLA INC.,** <br><br> Defendants. | Case No. 2:26-cv-10989-SDK-KGA <br><br> District Judge Shalina D. Kumar <br> Magistrate Judge Kimberly G. Altman |

**PLAINTIFFS' MOTION TO CONSOLIDATE RELATED ACTIONS
AND APPOINT INTERIM CLASS COUNSEL AND LIAISON COUNSEL
AND
BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE RELATED
ACTIONS AND TO APPOINT INTERIM CLASS COUNSEL AND LIAISON COUNSEL**

Plaintiff Jeffrey S. Jackson ("Jackson Plaintiff"), in *Jackson v. Trinity Health Corporation, et al.*, Case No. 2:26-cv-10948-SDK-KGA (E.D. Mich.), and Plaintiff Justina Pabon ("Pabon Plaintiff"), in *Pabon v. Trinity Health Corporation, et al.*, Case No. 2:26-cv-10989-SDK-KGA (E.D. Mich.) (together, "Plaintiffs"), respectfully move this Court pursuant to Federal Rule of Civil Procedure 42(a) and E.D. Mich. LR 42.1 for consolidation of the above-captioned actions and any

subsequently filed or transferred action arising from the same subject matter, for all purposes before this Court.

Both actions arise from the same data security incident involving Defendants Trinity Health Corporation and Health Gorilla Inc. in which Plaintiffs' and class members' sensitive personal information and protected health information was compromised. The cases present identical legal theories, name the same Defendants, and propose substantially overlapping classes. Consolidation will promote judicial economy, eliminate the risk of inconsistent rulings, and avoid unnecessary duplication of effort by the parties and the Court.

Pursuant to E.D. Mich. LR 42.1(a), this Motion is filed in the case with the earliest case number. A Notice of this Motion is being filed contemporaneously in Case No. 2:26-cv-10989-SDK-KGA. Further, Plaintiffs respectfully move this Court pursuant to Federal Rule of Civil Procedure 23(g)(3) for an Order appointing Marc H. Edelson of Edelson Lechtzin LLP and Scott J. Falgoust of Bryson Harris Suciu & DeMay PLLC as Interim Co-Lead Class Counsel, and Nick Suciu III of Bryson Harris Suciu & DeMay PLLC as Interim Liaison Counsel. Appointing interim class counsel is appropriate because multiple related actions are now pending, and formal leadership will allow for efficient prosecution of the consolidated action, clarify the roles and responsibilities of counsel on behalf of the proposed Class, and avoid duplicative and unnecessary litigation that could result in inefficiencies for the Court and the parties.

Pursuant to Local Rule 7.1(a), Plaintiffs' counsel conferred with counsel for Defendant Health Gorilla Inc., Gregory Adams of Fenwick & West LLP, and Defendant Trinity Health Corporation, Alexandra M. Mormile of Gordon Rees Scully Mansukhani, regarding this Motion. Each Defendant consents to consolidation and to the proposed briefing schedule, under which Plaintiffs would have forty-five (45) days to file a Consolidated Complaint and Defendants would

have sixty (60) days thereafter to respond. Each Defendant takes no position on the appointment of interim class counsel or liaison counsel.

For the reasons set forth, Plaintiffs respectfully request that the Court grant this Motion, and enter an Order: (1) consolidating *Jackson v. Trinity Health Corporation, et al.*, Case No. 2:26-cv-10948-SDK-KGA (E.D. Mich.) and *Pabon v. Trinity Health Corporation, et al.*, Case No. 2:26-cv-10989- SDK-KGA (E.D. Mich.) (together, the "Related Actions") into a single consolidated action for all purposes; (2) appointing Marc H. Edelson of Edelson Lechtzin LLP and Scott J. Falgoust of Bryson Harris Suciu & DeMay PLLC as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3); (3) appointing Nick Suciu III of Bryson Harris Suciu & DeMay PLLC as Interim Liaison Counsel; (4) entering a briefing schedule providing Plaintiffs forty-five (45) days to file a Consolidated Complaint and Defendants sixty (60) days thereafter to respond to the Consolidated Complaint; and (5) granting such other and further relief as the Court deems just and proper. Both Defendants consent to consolidation and to the proposed briefing schedule but take no position on the appointment of interim class counsel.

## STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2)

1. Whether the above-captioned related actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) and E.D. Mich. LR 42.1.

Plaintiffs' Answer: Yes.

2. Whether Marc H. Edelson and Scott J. Falgoust should be appointed Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3).

Plaintiffs' Answer: Yes.

3. Whether Nick Suciu should be appointed Interim Liaison Counsel.

Plaintiffs' Answer: Yes.

3

4.     Whether the Court should enter a briefing schedule providing Plaintiffs forty-five (45) days to file a Consolidated Complaint and Defendants sixty (60) days thereafter to respond to the Consolidated Complaint.

Plaintiffs' Answer: Yes.

## CONTROLLING OR MOST APPROPRIATE
## AUTHORITY FOR THE RELIEF SOUGHT PURSUANT TO LR 7.1(d)(2)

1.     Fed. R. Civ. P. 42(a).

2.     Fed. R. Civ. P. 23(g)(3).

3.     *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

4.     E.D. Mich. LR 42.1.

## FACTUAL BACKGROUND

Defendants Trinity Health Corporation and Health Gorilla Inc. are healthcare entities whose systems store the sensitive personal and protected health information of patients and other individuals. In early 2026, a data security incident compromised the personally identifiable information and protected health information of thousands of individuals in Defendants' custody, including Plaintiffs and the proposed class members.

On March 20, 2026, Plaintiff Jeffrey S. Jackson filed the first-filed class action complaint in this Court, asserting claims arising from the Data Breach. *Jackson v. Trinity Health Corporation, et al.*, Case No. 2:26-cv-10948-SDK-KGA. On March 24, 2026, Plaintiff Justina Pabon filed a related class action complaint before the Honorable Laurie J. Michelson, asserting substantially similar claims arising from the same Data Breach. *Pabon v. Trinity Health Corporation, et al.*, Case No. 2:26-cv-10989-SDK-KGA. Plaintiffs' counsel have conferred and jointly support consolidation, the proposed leadership structure, and the proposed briefing schedule. Plaintiffs' counsel conferred with counsel for both Defendants, who confirmed that they

4

consent to consolidation and to the proposed briefing schedule providing Plaintiffs forty-five (45) days to file a Consolidated Complaint and Defendants sixty (60) days thereafter to respond, but take no position on the appointment of interim class counsel.

## LEGAL STANDARD

### I.      Consolidation.

Fed. R. Civ. P. 42(a) authorizes a district court to consolidate actions that "involv[e] a common question of law or fact." Fed. R. Civ. P. 42(a). The decision is committed to the court's sound discretion and is guided by considerations of judicial economy, avoiding inconsistent results, and fairness to the parties. See *Cantrell*, 999 F.2d at 1011 (explaining that consolidation under Fed. R. Civ. P. 42(a) is discretionary and appropriate where it serves judicial economy without undue prejudice); *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1011 (6th Cir. 2022) (noting district courts' "broad discretion" to manage their dockets, including consolidation, to promote efficiency).

In exercising that discretion, courts in the Sixth Circuit weigh whether common issues predominate and whether consolidation would promote efficiency without causing undue delay, prejudice, or juror confusion. See *Cantrell*, 999 F.2d at 1011 (courts should consider "the specific risks of prejudice and possible confusion," "the risk of inconsistent adjudications," the "burden on parties, witnesses, and available judicial resources," and the comparative expense and duration of separate versus consolidated proceedings). Consolidation is particularly appropriate where actions arise from the same or overlapping facts and assert related claims such that joint management will conserve resources and avoid inconsistent rulings. See *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 43 F.3d 1054, 1069 n.11 (6th Cir. 1995) (en banc) (recognizing Fed. R. Civ. P. 42(a) consolidation to avoid inconsistent results and duplicative proceedings).

Ultimately, where, as here, cases present common legal and factual questions, involve overlapping parties or evidence, and can be jointly managed without unfair prejudice, consolidation under Fed. R. Civ. P. 42(a) is warranted to streamline pretrial proceedings and trial, conserve judicial resources, and minimize the risk of inconsistent outcomes. See *Cantrell*, 999 F.2d at 1011.

Pursuant to E.D. Mich. LR 42.1(a), this Motion is filed in the earliest-numbered case. The related case, *Pabon v. Trinity Health Corporation, et al.*, Case No. 4:26-cv-10989-SDK-KGA, was reassigned to this Court by Order dated April 7, 2026, pursuant to E.D. Mich. LR 83.11, as a companion case to this action. Accordingly, both Related Actions are now before the same judicial officer, and the inter-court consent requirement of LR 42.1(b) is satisfied.

## II.      Appointment of Interim Class Counsel.

Fed. R. Civ. P. 23(g)(3)permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.". The considerations governing the appointment of post-certification class counsel under Fed. R. Civ. P. 23(g)(1) are equally applicable to decisions on whom to designate as interim class counsel. *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853 (E.D. Mich. 2019). Courts must consider four mandatory factors: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. *McKnight v. Erico Int'l Corp.*, 655 F. Supp. 3d 645 (N.D. Ohio 2023); *Stanich v. Travelers Indem. Co.*, 259 F.R.D. 294 (N.D. Ohio 2009). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23.

## ARGUMENT

### I.    The Related Actions Should Be Consolidated.

#### A.    The Cases Involve Common Questions of Law and Fact.

Fed. R. Civ. P. 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay" (Fed. R. Civ. P. 42). The essential test for consolidation is "whether there are common questions of law or fact." *Innovation Ventures, L.L.C. v. Custom Nutrition Lab'ys, L.L.C.*, 451 F. Supp. 3d 769 (E.D. Mich. 2020). Michigan federal courts have emphasized that the court must examine "the special underlying facts" with "close attention" before ordering a consolidation. *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567 (E.D. Mich. 2011).

Here, both actions arise from the same data security incident involving the same Defendants, Trinity Health Corporation and Health Gorilla Inc., in which Plaintiffs' personally identifiable and protected health information was compromised. Both complaints assert claims rooted in the same alleged breach of Defendants' duties to safeguard that information. The proposed classes in both cases substantially overlap, encompassing individuals whose data was exposed in the same incident. The core factual and legal questions, the nature and scope of the breach, Defendants' data security practices, the adequacy of Defendants' notice and response, and the resulting harm to class members, are identical across both cases. Consolidation is particularly appropriate where, as here, multiple data breach class actions arise from a single cybersecurity incident and name the same defendants.

#### B.    Judicial Economy and Efficiency Considerations Favor Consolidation.

The purpose of Fed. R. Civ. P. 42(a) consolidation is to permit the court to conduct its business "with expedition and economy while providing justice to the parties." *Advey v. Celotex*

7

*Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992). In the data breach context specifically, Michigan federal courts have recognized that consolidation promotes efficiency when multiple class actions arise from the same cybersecurity incident. In *Gamboa*, 381 F. Supp. 3d 853, it was held that consolidation of multiple putative class actions was appropriate, where actions shared common questions of law and fact and where consolidation would serve the legitimate interest in judicial economy. Courts in this Circuit have similarly recognized that "[a]bsent prejudice, consolidation is usually the most efficient method of adjudicating cases arising from common law or fact." *Guild Assocs., Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D. 436 (S.D. Ohio 2015)).

The risk of inconsistent adjudications between the pending matters strongly favors consolidation. Absent consolidation, this Court could reach conflicting rulings on class certification, dispositive motions, and discovery disputes involving the identical operative facts. Additionally, consolidation substantially reduces the burden on all parties and the Court: Defendants, once they appear, will face a single coordinated action rather than duplicative discovery demands, motion practice, and scheduling obligations. A single consolidated action will be resolved more efficiently than two parallel proceedings undertaking the same procedures and similar disputes. Laslty, the relative expense to all parties is significantly reduced by consolidating at the outset before any scheduling order has issued, before any answer has been filed, and before any discovery has commenced.

### C.   No Party Will Be Prejudiced.

Consolidation is also justified by the lack of any potential prejudice to the parties in this matter. Both Plaintiffs support consolidation and have coordinated their counsel. Defendants have also consented to consolidation and to the proposed briefing schedule. This is precisely the circumstance that favors prompt consolidation. *See Harrison v. Wellpath, et al.*, Case Nos. 22-

10187 & 22-10335 (E.D. Mich. June 30, 2023) (Kumar, J.) (granting consolidation where both cases arose from same operative conduct, involved same defendants, and shared common questions of law). Simply put, there is no potential for consolidation to lead to "new delays, expense, confusion, or prejudice." (*Banacki*, 276 F.R.D. 567). To the extent any prejudice could be found, it is outweighed by the interests of judicial economy and efficiency.

## II.     The Court Should Appoint the Proposed Interim Class Counsel.

### A.   Proposed Interim Co-Lead Counsel Have Performed Substantial Investigative Work to Date.

Immediately after the public announcement of the Data Breach, Proposed Interim Class Counsel and their law firms began investigating potential legal claims and remedies for the victims of the Data Breach. Those investigations included, among other things: (i) investigating the facts surrounding the Data Breach; (ii) investigating Defendant's corporate structure; (iii) interviewing numerous individuals injured by the Data Breach; (iv) researching legal claims; (v) drafting initial pleadings; and (vi) investigating experts in the area of data security and damages. Additionally, Proposed Interim Class Counsel has worked with counsel in each of the Related Actions to quickly organize the management of the Related Action to avoid any delay that could be caused by a leadership dispute to address the merits of the case as expeditiously as possible..

### B.   Proposed Interim Class Counsel and Their Firms are Well Qualified to Lead this Litigation

#### a.  Marc H. Edelson

Marc Edelson is a founding partner of Edelson Lechtzin LLP, a national class action law firm based in suburban Philadelphia. The firm represents investors in securities fraud class actions and shareholder derivative litigation, consumers, employees, and businesses in class

9

litigation involving anticompetitive business practices, ERISA retirement plans, unpaid wages & overtime claims, and consumer fraud including data breach litigation.

In the area of consumer fraud, Mr. Edelson is actively engaged in protecting the rights of consumers in a variety of matters including a strong focus on data breach litigation. Current cases where Mr. Edelson serves in a leadership capacity include: *Tyler Tate v. 5.11, Inc.*, No. 8:24-cv-02327 (C.D. Cal.) (lead, settled); *Ronald Signorino, et al. v. Affiliated Dermatologists LLC*, No. MRS L001106-24 (N.J. Super. Ct.) (co-lead counsel, settled); *In re: Anna Jaques Hospital Data Security Incident Litig.*, No. 1:24-cv-10792 (D. Mass.) (Exec. Comm., settled); *In Re: AnnieMac Data Breach Litig.*, No. 1:24-cv-10678 (D. N.J.) (Exec. Comm., pending); *Benson v. Artivion, Inc.*, No. 1:25-cv-04196 .(N.D. Ga.) (lead counsel, pending); *Pestano v. Avis Rent a Car System LLC, et al.*, No. 2:24-cv-09243 (D. N.J.) (co-lead counsel, settled); *Corralejo v. BayMark Health Services, Inc.*, No.4:25-cv-00174 (E.D. Tex.) (co-lead counsel, pending); *Perod v. Center for Urologic Care*, No. 25-17791 (C.C.P. Berks Cnty., Pa.) (lead counsel, pending); *Nelson v. Connexin Software, Inc.*, No. 2:22-cv-04676 (E.D. Pa.) (Exec. Comm., settled); *Michael Arons, et al. v. Continuum Health Alliance LLC*, No. BUR 000903-24 (N.J. Super. Ct.) (Exec. Comm., settled); *Connor v. CPAP Medical Supplies & Services, Inc.* No. 3:25-cv-00945 (M.D. Fla.) (co-lead counsel, pending); *Stan Sinitsa v. CUSO Financial Services, LP*, Case No. VCU326251 (Cal. Super. Ct. Tulare Cnty.) (co-lead counsel, settled); *Daniel Laney, et al. v. Emcentrix, Inc.,* No. 25STCO35202 (Cal. Super. Ct. Los Angeles Cnty.) (co-lead counsel, pending); *Minter v. Finwise Bank, et al.*, No. 2:25-cv-00569 (D. Ut.) (co-lead counsel, settled for $2.8 million); *Dudley, et al. v. Fortive Corporation*, No. 2:24-cv-01168 (W.D. Wa.) (co-lead counsel, settled for $3 million); *Verderame v. Futurity First Insurance Group LLC*, No. 3:24-cv-01262 (D. Conn.) (lead counsel, settled for $335,000); *Staples v. Harbin Clinic, LLC, et al.*, No. 4:25-cv-00130 (N.D. Ga.) (co-lead

counsel, pending); *Davidson Salas v. NAHGA Inc.*, USDC DME, No. 2:25-cv-00604 (co-lead counsel, pending); *Diane Minicucci, et al. Northeast Rehabilitation Hospital Network*, No. 218-2025-cv-00897 (N.H. Sup. Ct. Rockingham Cnty.) (co-lead counsel, settled); *Terri Gales, et al. v. Ohio Lottery Commission*, No. 2024-00434 (Ohio Ct. of Claims) (co-lead counsel, pending); *Nadeau, et al. v. Onsite Mammography, LLC*, No. 3:25-cv-11123 (D. Mass.) (co-lead counsel, settled for $2,525,000); *Jack Feathers, et al. v. On Q Financial LLC*, No. CU2025-037770 (Az. Super. Ct. Maricopa Cnty.) (co-lead counsel, settled); *Melanie Hudson, et al. v. Pennsylvania State Education Assoc.*, No. 2025-cv-02411 (C.C.P. Dauphin Cnty.) (Exec. Comm., settled); *Dylan Wohnhas, et al v. Rasevic Construction Company, Inc., et al.*, No. 10-cv-26-000010 (D. Md.) (co-lead counsel, settled); *Pia Ohe, et al. v. Rockrose Development, LLC, et al.*, Index No. 166698-2025 (N.Y. Sup. Ct.) (co-lead counsel, pending); *In re Set Forth Data Security Breach Litig.*, No. 1:24-cv-11688 (N.D. Ill.) (steering committee, pending); *Keene v. Tekni-Plex, Inc.*, No. 2:25-cv-05584 (E.D. Pa.) (co-lead counsel, settled); and *Lim v. Tradezero America, Inc.*, No. 1:24-cv-01196 (W.D. Pa.) (co-lead counsel, settled).

Further details about Edelson Lechtzin LLP's class action group are included in the firm resume submitted herewith as Exhibit 1 attached hereto.

**b.  Scott J. Falgoust**

Scott Falgoust is a Partner at Bryson Harris Suciu & DeMay PLLC, where he co-leads the firm's Data Breach and Data Privacy practice. He focuses his practice on complex class actions and consumer protection matters involving data breaches, tracking technologies, and other privacy violations in federal and state courts across the country, as well as large, coordinated mass arbitrations before leading alternative dispute resolution providers. Mr. Falgoust currently represents hundreds of thousands of consumers and claimants whose sensitive personal, financial,

11

and health information was exposed in cybersecurity incidents and online tracking events, and he regularly litigates issues involving negligence, breach of contract, and modern state and federal privacy statutes. He also supervises teams of lawyers and professionals who investigate new breaches, develop case theories, and manage large-scale e-discovery and expert work in privacy matters. Members of Bryson Harris Suciu & DeMay have filed and successfully litigated hundreds of data privacy, deceptive and unfair trade practice, and product liability class action cases, as well as data privacy mass arbitrations. As a result, Bryson Harris Suciu & DeMay has recovered hundreds of millions of dollars for consumers and injured persons nationwide. See Bryson Harris Suciu & DeMay Firm Resume, attached as Exhibit 2.

Earlier in his career, Mr. Falgoust served on the trial team in the multidistrict litigation arising from the BP Deepwater Horizon oil spill in the Gulf of Mexico, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.), where he helped manage extensive fact and expert discovery, motion practice, and trial preparation in one of the largest and most complex proceedings in recent history. The combination of this background in high-stakes complex litigation and his day-to-day leadership of large privacy cases on behalf of consumers equips Mr. Falgoust with the skills and experience needed to efficiently prosecute this action, coordinate among co-counsel, and present the claims of the proposed classes through trial and, if necessary, appeal.

Courts have repeatedly recognized Mr. Falgoust's qualifications by appointing him to leadership positions in significant data breach class actions, including the following:

- *Roy v. CNHI, LLC*, No. 2:25-cv-00980 (M.D. Ala.): Appointed Co-Lead Counsel in a putative class action arising from unauthorized access to CNHI's network, in which files containing individuals' names and Social Security numbers were accessed and exfiltrated.

- *In re Delta Dental of Virginia Data Breach Litigation*, No. 7:25-cv-00873 (W.D. Va.): Appointed Co-Lead Counsel in litigation arising from the compromise of a company email account, where emails and attachments were accessed without authorization, potentially involving names, Social Security numbers, government-issued identification numbers, and protected health information.

- *In re Oracle Corporation Data Breach Litigation*, No. 1:25-cv-01805 (W.D. Tex.): Appointed to the Plaintiffs' Executive Committee in a proposed class action alleging that Oracle failed to implement reasonable data-security measures and provide timely notification following an incident that allegedly exposed personal information tied to enterprise customers, employees, and contractors.

- *In re WestJet Airlines Data Breach Litigation*, No. 3:25-cv-02785 (S.D. Cal.): Appointed to the Plaintiffs' Executive Committee by the Honorable Linda Lopez of the United States District Court for the Southern District of California in consolidated litigation arising from a large-scale incident in which consumers allege that WestJet failed to adequately safeguard their private information, placing class members at heightened risk of identity theft, fraud, and related harms.

**c. Nick Suciu III**

Nick Suciu III is a Senior Partner at Bryson Harris Suciu & DeMay PLLC and maintains an office in Bloomfield Hills, Michigan. He is an active member of the State Bar of Michigan (P72052) and is admitted to practice before this Court. Mr. Suciu is currently serving as local counsel for Plaintiff Pabon's lead counsel in the above-captioned related action pursuant to E.D. Mich. LR 83.20(f). His presence in this District, familiarity with this Court's local rules and

13

practices, and active role in the consolidated litigation make him well suited to serve as Interim Liaison Counsel for the consolidated Plaintiffs' group.

Mr. Suciu where he co-leads his firm's Consumer Protection and Mislabeled Products practice. He focuses his practice on complex consumer class actions, with particular depth in matters arising under the United States Food, Drug, and Cosmetic Act and parallel state statutes, including challenges to mislabeled, adulterated, and defective consumer products. Mr. Suciu has been appointed lead or co-lead counsel in numerous high-profile consumer protection class actions and has recovered tens of millions of dollars for consumers nationwide.

Earlier in his career, Mr. Suciu served as in-house counsel for a company operating in the dietary supplement and sports nutrition industry, where he advised clients on FDA regulatory compliance, Good Manufacturing Practices, and advertising and marketing law. That background, working from the defense side of the very industry he now litigates against, gives Mr. Suciu a uniquely informed perspective on corporate practices, regulatory obligations, and the evidence necessary to hold manufacturers and retailers accountable for fraudulent or deceptive conduct. Since transitioning to plaintiffs' class action work in 2011, he has helped establish significant precedent regarding preemption and standing in cases involving FDCA violations and parallel state consumer protection statutes.

Mr. Suciu's track record of obtaining substantial relief for class members reflects both his technical command of the regulatory framework and his practical experience litigating product testing, manufacturing processes, and labeling claims through the full lifecycle of complex class litigation. His notable recoveries include, among others:

- *Clay et al. v. Cytosport, Inc.*, No. 3:15-cv-00165-L-AGS (S.D. Cal.): $12 million class-wide settlement resolving claims that defendant inflated the protein content of its products.

- *Gregorio v. Premier Nutrition Corp.*, No. 1:17-cv-05987-AT (S.D.N.Y.): $9 million class-wide settlement resolving claims regarding inflated protein content representations.

- *In re P&G Aerosol Products Marketing and Sales Practices Litigation*, No. 2:22-md-03025 (S.D. Ohio): $8 million class-wide settlement.

- *In re Beyond Meat, Inc. Protein Content Marketing and Sales Practices Litigation*, No. 1:23-cv-00669, MDL No. 3059 (N.D. Ill.): $7.5 million class-wide settlement.

- *Vance et al. v. Church & Dwight Co., Inc.*, No. 24-LA-1190 (St. Clair County Circuit Court, Ill.): $6 million class-wide settlement.

- *Carter et al. v. General Nutrition Centers, Inc.*, No. 2:16-cv-00633 (W.D. Pa.): $5 million class-wide settlement for purchasers of dietary supplements.

- *Morrissey et al. v. TULA Life Inc.*, No. 2021L000646 (DuPage County Circuit Court, Ill.): $4 million class-wide settlement.

- *Barnes et al. v. Unilever United States, Inc.*, No. 1:21-cv-06191 (N.D. Ill.): $2 million class-wide settlement arising from the presence of benzene in consumer aerosol products.

- *Goldstein et al. v. Henkel Corporation and Thriving Brands LLC*, No. 3:22-cv-00164-AWT (D. Conn.): $1.95 million class-wide settlement.

### E. Proposed Interim Class Counsel Are Committed to Vigorous Representation of the Class.

Proposed Interim Co-Lead Class Counsel, Liaison Counsel, and their firms are willing and able to commit the resources necessary to ensure the efficient and vigorous prosecution of the claims asserted on behalf of the proposed Class. As evidenced by the above, counsel and their firms have proven track records of success leading and litigating complex data privacy class actions through certification, trial, and resolution. Their firms are well equipped to handle the expenses and complexity of this litigation.

15

The experience here will be no different. Proposed Class Counsel understand the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Mr. Falgoust and Ms. Murphy have already demonstrated their commitment to this litigation by devoting substantial but appropriate resources to this litigation.

**III. The Court Should Enter the Parties' Proposed Briefing Schedule.**

In connection with this Motion, Plaintiffs respectfully request that the Court enter a briefing schedule for the consolidated action. Plaintiffs' counsel conferred with counsel for both Defendants, who agreed to the following schedule: Plaintiffs shall have forty-five (45) days from the date of the Court's consolidation order to file a Consolidated Complaint, and Defendants shall have sixty (60) days from service of the Consolidated Complaint to respond. This schedule is reasonable, has been agreed to by the parties who have conferred, and will allow Defendants sufficient time to respond to a single consolidated pleading rather than to duplicative individual complaints. Entering the proposed schedule at the outset of the consolidated action will promote efficiency and provide certainty for all parties and the Court regarding the initial pleading stage.

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) consolidate *Pabon v. Trinity Health Corporation, et al.*, Case No. 2:26-cv-10989-SDK-KGA, with *Jackson v. Trinity Health Corporation, et al.*, Case No. 2:26-cv-10948-SDK-KGA, for all purposes under the earliest case number; (2) appoint Marc H. Edelson and Scott J. Falgoust as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3); and (3) appoint Nick Suciu III as Interim Liaison Counsel; and (4) enter a briefing schedule providing Plaintiffs forty-five (45) days to file a

16

Consolidated Complaint and Defendants sixty (60) days thereafter to respond to the Consolidated Complaint.

Dated: April 17, 2026                     Respectfully submitted,

                                          */s/ Marc H. Edelson*
                                          Marc H. Edelson
                                          Liberato P. Verderame*
                                          **EDELSON LECHTZIN LLP**
                                          411 S. State Street, Suite N-300
                                          Newtown, PA 18940
                                          Telephone: (215) 867-2399
                                          Facsimile: (267) 685-0676
                                          medelson@edelson-law.com
                                          lverderame@edelson-law.com

                                          **E.D. Mich. Admission Pending*

                                          *Counsel for Plaintiff Jackson and Proposed Interim
                                          Co-Lead Class Counsel for the Putative Class*

                                          and

                                          Scott J. Falgoust
                                          **BRYSON HARRIS SUCIU & DEMAY PLLC**
                                          5301 Canal Boulevard
                                          New Orleans, Louisiana 70124
                                          Telephone: (919) 585-5634
                                          sfalgoust@brysonpllc.com

                                          Nick Suciu III (# P72052)
                                          **BRYSON HARRIS SUCIU & DEMAY PLLC**
                                          6905 Telegraph Rd., Suite 115
                                          Bloomfield Hills, Michigan 48301
                                          Telephone: (616) 678-2180
                                          nsuciu@brysonpllc.com

17

*Counsel for Plaintiff Pabon and Proposed Interim*
*Co-Lead Class Counsel and Interim Liaison*
*Counsel for the Proposed Class*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court via the Court's CM/ECF electronic filing system on April 17, 2026, which will provide electronic notice to all counsel of record.

By:     */s/ Marc H. Edelson*
Marc H. Edelson